return be not made. The second part of the rejoinder is double, and is, therefore, demurrable. It denies certain allegations of the replication, and also avers that Cumpton owes nothing. The issue must be tendered on a single point, though it may include several facts. Here, however, two distinct issues are tendered. The third part of the rejoinder, which is nil debit, is also demurrable. This plea can never be pleaded when a specialty is the foundation of the action. It is proper in a case where the deed is mere inducement to the action. 1 Chit. Pl. 423; 1 Saund. Pl. & Ev. 406. The demurrer is sustained, and judgment.

---

## Case No. 14,903.

### UNITED STATES v. CUNNINGHAM.

[Cited in Barnes v. Billington. Case No. 1.015. Nowhere reported; opinion not now accessible.]

---

## Case No. 14,904.

### UNITED STATES v. CURTIS.

[Cited in U. S. v. Hills. Case No. 15,369. Nowhere reported; opinion not now accessible.]

---

## Case No. 14,905.

### UNITED STATES v. CURTIS.

[4 Mason, 232.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1826.

CRIMINAL LAW — "TRIAL" — PRACTICE — COPY OF INDICTMENT.

Under the statute of 1790, c. 9, § 28 [1 Stat. 118], which requires, that in capital cases a copy of the indictment, &c. should be delivered to the prisoner two entire days before the trial, the word "trial" means the trying the cause by the jury, and not the arraignment and pleading preparatory to such trial by the jury.

[Cited in Gordon v. Scott, Case No. 5,620; McCallon v. Waterman. Id. 8,675; Lewis v. Smythe, Id. 8,333; Meyer v. Norton. 9 Fed. 437; Logan v. U. S., 144 U. S. 263, 12 Sup. Ct. 630.]

[Cited in brief in Boston & P. R. Corp. v. Midland R. Co., 1 Gray, 355; Byers v. State (Ala.) 16 South. 718; McCall v. U. S., 1 Dak. 320, 46 N. W. 611. Cited in brief in Palmer v. State, 42 Ohio St. 600; U. S. v. Neverson, 1 Mackey, 161.]

Indictments [against Winslow Curtis. alias Sylvester Colston] for the murder of Edward Selfridge, on the high seas. on the 28th of August, 1826. Plea, not guilty.

After a verdict of guilty, Jarvis & Dunlap, for the prisoner, moved in arrest of judgment, and also for a new trial, because no copy of the indictment was furnished two days before the prisoner's arraignment and pleading, according to the statutes of 1790, c. 9, § 29. The motions were argued at length by them, and replied to by Mr. Blake, U. S. Dist. Atty.

---

1 [Reported by William P. Mason, Esq.]

The arguments are so fully considered by the court, that it is unnecessary to repeat them.

The counsel for the prisoner cited St. 7 Wm. III. c. 3, §§ 3, 7; St. 7 Anne, c. 31, § 10; 1 Burrows, 643; Doug. 590; Fost. Crown Law, 230; 1 Chit. Cr. Law, 329, 330, 422 (404, 405); St. 1790, c. 9, § 11; Fost. Crown Law, 1; 2 Mass. 303.

The counsel for the United States cited 4 Bl. Comm. 322, 350, and 2 Mass. 303.

Before STORY, Circuit Justice, and DAVIS. District Judge.

STORY, Circuit Justice. If the court entertained the slightest doubt upon the present question, as it is a capital case, we should take further time for deliberation. But having carefully examined all the authorities which have been cited, and deliberately considered them, I shall now proceed to state the opinion which we have formed. The point submitted is, that the prisoner was entitled of right to a copy of the indictment, two days, at least, before his arraignment thereon; that no copy was in fact furnished him, until after his arraignment; and that this omission now entitles him to have a new trial, or to have the judgment arrested. In point of fact the prisoner was arraigned, and pleaded not guilty, before the district judge, on the 29th day of November last; and at the same time, at his request, counsel were assigned to him by the court, and he selected, on that occasion. the gentlemen who so ably defended him at the trial. From various causes the trial was postponed until the 15th day of December instant; and when the prisoner was. at that time, about to be put on trial, he objected, that he had not received a copy of the indictment until the day preceding; and, at his suggestion, the trial was then postponed until the 19th day of the month, to enable him to make more thorough preparations for the trial. No suggestion was made at that time of a desire to retract his plea; nor any hint of the objection since raised. that he ought to have received a copy of the indictment before his arraignment; nor that he desired to have a new arraignment. At the trial no such objection was raised before the jury was sworn; nor indeed was the objection stated, until all the evidence was fully gone though, and the counsel, closing for the prisoner, was about to finish his argument. He then contended. that the objection was fatal to the trial, and the prisoner was entitled to a verdict of acquittal. The court immediately suggested, both to the prisoner and to his counsel, that if the prisoner, even at that time, was desirous to retrace his steps, and withdraw the cause from the jury, and to be arraigned anew, after receiving a copy for two or more days, there would be no objection on the part of the court, whatever might be their opinion of the law of the point, to allow him that indulgence. Both the prisoner and his counsel declined the offer, and put the prisoner upon his legal rights, without intending